UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:19-cr-00135-TMR-1 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| LEVI SMITH, IV, | : | |
| | : | |
| Defendant. | : | |

**ENTRY AND ORDER DENYING DEFENDANT'S "EMERGENCY MOTION FOR COMPASSIONATE RELEASE IN LIGHT OF THE 2018 FIRST STEP ACT PURSUANT TO 18 U.S.C. § 3582(C)(1)(A) AND COVID-19 PANDEMIC" (DOC. NO. 62)**

This case is before the Court on the Emergency Motion for Compassionate Release in Light of the 2018 First Step Act Pursuant to 18 U.S.C. § 3582(C)(1)(A) and COVID-19 Pandemic (Doc. No. 62) (the "Motion"), filed by Levi Smith, IV ("Smith").  Smith is currently incarcerated at Lexington FMC [Federal Medical Center] in Kentucky.  He asks the Court "for an Order reducing his sentence to 'Time Served' under 18 U.S.C. § 3582(c)(1)(A)(i)."  (Doc. No. 62 at PageID 327.) For the reasons discussed below, the Court **DENIES** Smith's Motion.

**I.      BACKGROUND**

On September 10, 2019, the United States of America (the "Government") filed a six-count Indictment in this case, with two of the counts brought against Smith and the other counts brought against two other individuals.  (Doc. No. 26.)  On or about January 6, 2020, pursuant to a plea agreement, Smith pleaded guilty to one of the offenses charged in the Indictment: distribution of 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II substance and 10 grams or more of a mixture or substance containing a detectable amount of

1

acetyl fentanyl, a Schedule II controlled substance (in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)). (*See* Doc. No. 46.) The Statement of Facts attached to the Plea Agreement, signed by Smith and his attorney, states:

> On or about May 28, 2019, in Montgomery County, Ohio, defendant Levy Smith IV knowingly and intentionally distributed 40 grams or more of a mixture or substance containing a detectable amount of fentanyl and fentanyl analogues. On this date, Mr. Smith intentionally sold approximately 83 grams of a fentanyl/fentanyl analogue mixture to another person in exchange for $6,000 in cash.
>
> For the information of the Court, fentanyl is a Schedule II controlled substance.

(Doc. No. 46 at PageID 248.)

The Final Presentence Investigation Report ("PSI") regarding Smith provided additional information about the circumstances of the offense, and it identified approximately 27 prior adult criminal convictions and numerous other minor convictions. (PSI ¶¶ 15-21, 44-73.) Smith's extensive criminal history, which spans nearly fifteen years, included convictions for willfully eluding or fleeing (in 2003), possession of heroin (in 2005), attempted possession of cocaine (in 2006), weapons under disability (in 2006), and conspiracy to distribute cocaine base and being a felon in possession of a firearm (in 2008). (*Id.*) Additionally, the PSI stated that the offense in this case was committed while subject to a criminal justice sentence (he had been serving a term of supervised release). (*Id.* at ¶¶ 69, 75.) The PSI also showed that Smith had previously violated probation and failed to appear for a revocation hearing. (*Id.* at ¶ 55.) The PSI also indicated that Smith accepted responsibility for his actions by acknowledging that the Statement of Facts attached to the Plea Agreement was a true and correct representation of his offense conduct. (*Id.* at ¶ 24.)

At sentencing, the Court imposed a 72-month term of incarceration, four years of supervised release with special conditions, and a $100 special assessment. (Doc. No. 58; Doc. No.

59.) Smith is currently 38 years old and has an anticipated release date of September 1, 2024. (*See* FEDERAL BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc (last visited April 8, 2022).)

Smith filed various documents in support of the Motion, and his appointed counsel declined to file a Supplement. (Doc. No. 62; Doc. No. 67.) The Government filed a Response to the Motion (Doc. No. 68) (the "Response"), in which the Government opposes the relief sought in the Motion. No reply was filed in support of the Motion, and the time to do so has now passed (*see* 12/15/2021 Notation Order). The matter is ripe for review and decision.[1]

## II. ANALYSIS

### A. Legal Standards

Section 3582(c)(1)(A), colloquially known as the "compassionate release" statute, grants authority, in certain limited circumstances, to modify a term of imprisonment after it has been imposed. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[2]

---

[1] Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified 18 U.S.C. § 3582 to allow a defendant to bring a motion on his or her own behalf either "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); Pub L. No. 115-391, 132 Stat. 5194; *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020); *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) ("defendants now may bring reduction-of-sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons"). Here, the Government does not contest exhaustion (*see* Doc. No. 68), so the Court proceeds with the understanding that Smith could move for compassionate release on his own behalf.

[2] Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's age and years in prison." *Ruffin*, 978 F.3d at 1003.

Therefore, a court may reduce a defendant's previously imposed term of imprisonment if it finds that three requirements are met: (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the § 3553(a) factors, to the extent that they are applicable, support the reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). On the other hand, a court may deny a compassionate release motion when any of the three substantive requirements is lacking and need not address the others.[3] *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Moreover, while a court may reduce the term of imprisonment if all three requirements are met, it "need not do so." *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) ("Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory").

Regarding the third requirement, "§ 3582(c)(1)(A) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (internal quotation marks omitted and alterations adopted). The factors set forth in Section 3553(a) consider such things as the nature of the offense, the circumstances of the offense, the history of the defendant, the characteristics of the defendant, "and various penological goals, such as the need to promote respect for law and to protect the public," as well as to reflect the seriousness of the offense, provide just punishment for the offense, afford adequate

---

[3] However, courts currently omit the second requirement when an incarcerated person, as opposed to the Bureau of Prisons ("BOP"), files a motion seeking a sentence reduction. *United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). The Sixth Circuit has explained that, "where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry"—at least until the Sentencing Commission updates § 1B1.13 of the United States Sentencing Commission Guidelines Manual to reflect the First Step Act. *United States v. Jones*, 980 F.3d 1098, 1009-1111 (6th Cir. 2020) (explaining that passage of the First Step Act rendered § 1B1.13 inapplicable to cases where an imprisoned person files a motion for compassionate release).

deterrence to criminal conduct, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020); *see also* 18 U.S.C. § 3553(a). Among the variety of items that courts specifically have considered in the context of motions for compassionate release are the type of offense(s) for which the defendant was convicted, whether the defendant had prior criminal convictions (and, if so, how many and the seriousness of such crimes), whether the defendant had prior juvenile convictions, the defendant's background, whether the defendant previously complied with any presentence or post-incarceration conditions, the amount of the sentence that the defendant has served to date, whether the court varied downward from the guidelines range when imposing the sentence, sentencing disparities between defendants (nationally and also among co-defendants) with similar records who are convicted of similar conduct, conditions at the place of incarceration, the defendant's health issues, whether the defendant is receiving medical treatment for his or her health issues, the defendant's behavior in prison, whether the defendant has had a drug addiction, the defendant's successful participation in substance abuse programming or other rehabilitation efforts while incarcerated, the defendant's successful participation in educational or vocational training while incarcerated, and whether the defendant took responsibility for his or her actions. *Jones*, 980 F.3d at 1115; *Ruffin*, 978 F.3d at 1008-09. Of course, not all of these items will be applicable (or known to the court) in all cases, and other items may be applicable. *Id.*; 18 U.S.C. § 3582(c)(1)(A)(i) (a court should consider "the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable"); *see also United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021) ("[d]istrict courts may place great weight on one sentencing factor when that weight is warranted") (internal quotation marks omitted).

### B. Application

Smith asks the Court to grant the Motion and reduce his sentence to "[t]ime [s]erved," pursuant to 18 U.S.C. § 3582(c)(1)(A)(1). (Doc. No. 62 at PageID 327.) Smith argues that his "physical health, rehabilitation and Covid-19, and the totality of the circumstances warrants relief." (*Id.*) He asserts that he "has a compromised immune system (treated for tuberculosis), obesity, and sever [sic] allergies, which places him at high risk for serious illness from the Covid-19 variant." (*Id.* at PageID 328.) He also asserts that he "is not a danger to any person or to the community," especially because he "has positively programed [sic] while in BOP custody." (*Id.*) He also argues that the "§ 3553(a) factors support release." (*Id.*) Additionally, Smith indicates that he has "a solid release plan." (*Id.* at PageID 339.)

In response, the Government argues that Smith "cannot establish either an extraordinary and compelling reason for his release or that he represents an insignificant danger to the community," as well as that "[c]onsideration of the remaining section 3553(a) factors similarly weigh against release." (Doc. No. 68 at PageID 362.)

The Court denies Smith's Motion for two independent reasons. First, regarding step one, Smith—who the PSI from 2020 indicates "reported himself as being in 'tip-top' physical condition" (PSI at ¶ 92)—failed to provide the Court with any medical records or other evidentiary support for his asserted medical conditions. (*See* Doc. No. 62.) A district court may deny a motion for compassionate release if the movant fails to provide the Court with evidentiary support for his or her claimed medical ailment(s) that form the basis for arguing "extraordinary and compelling reasons" warrant a reduction in the term of imprisonment. *Elias*, 984 F.3d at 520-21 (because movant "did not provide any records in her motion to support that she had hypertension[,] [t]he district court could have denied [the] motion for compassionate release on th[at] basis"); *United States v. Tomes*, 990 F.3d 500, 504-05 (6th Cir. 2021) (explaining that, although the defendant said

in his compassionate release motion that he has chronic asthma (which increases the risk of serious illness from COVID-19), the district court could have denied the motion because he did not provide any records in his motion to support that he has chronic asthma); *United States v. Green*, No. 3:17-cr-189, 2021 U.S. Dist. LEXIS 49871, 2021 WL 1020412, at *6 (S.D. Ohio Mar. 17, 2021) (denying movant's motion for compassionate release where he failed to provide any records in support of his asserted medical conditions). Here, although Smith attached various documents to his Motion, none of those documents even mentions any of the asserted medical ailments. The Court finds that Smith's age, lack of supported medical conditions, and asserted conditions at Lexington FMC are insufficient to demonstrate an "extraordinary and compelling" reason that would warrant a reduction in his term of imprisonment, even during the current COVID-19 pandemic.

Second, even if Smith had provided the Court with evidentiary support for his asserted medical ailments and the Court decided that Smith demonstrated an extraordinary and compelling reason for reducing the term of imprisonment,[4] the Court separately finds that Smith's requested relief should be denied at the third step in the analysis: consideration of any applicable Section 3553(a) factors and determination of whether, in the Court's discretion, the reduction is warranted in whole or in part under the particular circumstances of this case. *Elias*, 984 F.3d at 519; *Jones*, 980 F.3d at 1108; 18 U.S.C. § 3582(c)(1)(A)(i); *see also Ruffin*, 978 F.3d at 1005 ("[e]ven if [the first two requirements] are met, … a district court may still deny relief if it finds that the applicable § 3553(a) factors do not justify it") (internal quotation marks omitted).

---

[4] The Court emphasizes it has not actually found that any circumstance (separately or combined) alleged by Smith qualifies as an "extraordinary and compelling reason[] [that] warrant[s] a reduction" of his sentence. 18 U.S.C § 3582(c)(1)(A)(i). As shown herein, the Court need not actually conduct that analysis to decide the Motion. *See, e.g., Jones*, 980 F.3d at 1108 (affirming district court's decision, which had "assumed for the sake of argument that extraordinary and compelling reasons existed" to reduce the defendant's term of imprisonment, proceeded to weigh several § 3553(a) factors, and then denied the motion for compassionate release).

7

Regarding the third requirement, the Court has considered the parties' arguments and the Section 3553(a) factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i). This includes that the Court considered Smith's history and characteristics, such as his asserted behavior in prison, rehabilitation efforts, and educational or vocational training while incarcerated. *See* 18 U.S.C. § 3553(a)(1). Smith also accepted responsibility for his actions. And, the Court acknowledges the challenging conditions during the current COVID-19 pandemic and Smith's asserted health issues. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(D).

Yet, the "nature and circumstances of the offense" do not favor early release. *See* 18 U.S.C. § 3553(a)(1); *see also Wright*, 991 F.3d at 719 ("district courts have wide latitude to deny compassionate release based on the seriousness of the underlying offense," such that "[s]o long as the district court considers the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority, it is not an abuse of discretion to deny compassionate release based on the seriousness of the offense") (internal quotation marks omitted). The offense for which Smith is currently incarcerated was a serious offense that involved distributing fentanyl. (Doc. No. 46.) Fentanyl "is a dangerous, and potentially lethal, controlled substance." *United States v. Pooler*, No. 3:18-cr-137, 2020 U.S. Dist. LEXIS 224934, 2020 WL 7046964, at *8 (S.D. Ohio Dec. 1, 2020); *see also* 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(C); *United States v. Harris*, 774 F. App'x 937, 941 (6th Cir. 2019) (quoting the United States Sentencing Commission in U.S.S.G. App. C, amendment 807 (2018) concerning U.S.S.G. § 2D1.1 as stating that, "[b]ecause of fentanyl's extreme potency, the risk of overdose is great, particularly when the user is inexperienced or unaware of what substance he or she is using"). This weighs strongly against the requested reduction in sentence. *Pooler*, 2020 WL 7046964, at *8 (the nature of fentanyl-related offenses "weighs strongly against warranting a sentence reduction").

Additionally, Smith's criminal history is extensive and includes prior convictions involving controlled substances and for possession of a firearm. (PSI ¶¶ 44-73.) Moreover, Smith committed the offense for which he is now imprisoned while he was serving a term of supervised release, and his history includes failing to appear at a revocation hearing and probation violations. (*Id.* at ¶¶ 55, 69, 75.) All of this greatly concerns the Court. *See* 18 U.S.C. §3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(6). The Court finds that the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant do not favor early release. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). Furthermore, it appears that Smith still has a substantial amount of his sentence remaining. *See* 18 U.S.C. § 3553(a)(2)(A), (a)(2)(B), (a)(6); *Ruffin*, 978 F.3d at 1008 (considering the amount of the sentence defendant had served); *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate"). Releasing Smith with so much time remaining on his sentence would minimize the impact of his crime and seriousness of his offense.

Having considered the factors set forth in Section 3553(a) to the extent that they are applicable, the Court finds that the requested reduction in the term of imprisonment is not warranted. Thus, even if Smith had submitted medical records substantiating his asserted medical condition(s) <u>and</u> the first two requirements were met, the Court finds that consideration of the applicable Section 3553(a) factors do not support granting the reduction. *Ruffin*, 978 F.3d at 1008 (the Sixth Circuit has "repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief");

9

*Jones*, 980 F.3d at 1102 (affirming decision to deny motion for compassionate release where "the district court found for the sake of argument that an extraordinary and compelling circumstance existed in [defendant's] case but that the § 3553(a) factors counseled against granting compassionate release"); *Wright*, 991 F.3d at 720 (affirming denial of compassionate release motion despite defendant's "recent remorse, health problems, and rehabilitative efforts" where it "found that other considerations—such as his criminal history and disciplinary violations—outweighed these factors").

### III. CONCLUSION

Although the Court commends Smith's apparent efforts to better himself while incarcerated (*see, e.g.,* Doc. No. 62 at PageID 328; Doc. No. 62-2) and is sympathetic to his arguments about the fear of contracting COVID-19, the circumstances here do not warrant a reduction in the term of imprisonment pursuant to Section 3582(c)(1)(A). For the reasons stated above, the Court **DENIES** the Motion for Compassionate Release (Doc. No. 62).

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, April 12, 2022.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE